Deutsche Bank Natl. Trust Co. v Singh (2025 NY Slip Op 01607)

Deutsche Bank Natl. Trust Co. v Singh

2025 NY Slip Op 01607

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2023-04936 
2023-04937
 (Index No. 67417/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Arnick Singh, et al., defendants, Jatinder Kaur, appellant.

Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jatinder Kaur appeals from two orders of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), both dated March 21, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Jatinder Kaur and for an order of reference and denied that defendant's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In August 2004, the defendant Arnick Singh executed a note that was secured by a mortgage on certain real property located in Huntington. Singh subsequently conveyed the property to his sister, the defendant Jatinder Kaur. In September 2014, the plaintiff, as assignee of the note and mortgage, commenced this foreclosure action against Singh and Kaur, among others. Kaur was promptly served with process on September 18, 2014. However, all of the defendants defaulted in appearing or answering the complaint. A CPLR 3408 settlement conference took place on February 23, 2015.
In September 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against Kaur and for an order of reference, but the plaintiff subsequently withdrew the motion. In May 2017, after Kaur had received a discharge in bankruptcy, the plaintiff again moved, among other things, for leave to enter a default judgment against Kaur and for an order of reference. Singh opposed the motion and successfully cross-moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In March 2019, the plaintiff filed a third motion, inter alia, for leave to enter a default judgment against Kaur and for an order of reference. Kaur opposed the motion and cross-moved [*2]pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her. By order dated March 21, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied Kaur's cross-motion. On the same date, the court issued a second order, inter alia, granting the same relief to the plaintiff and referring the matter to a referee to ascertain and compute the amount due to the plaintiff. Kaur appeals.
CPLR 3215(c) provides: "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." To avoid dismissal pursuant to CPLR 3215(c), it is not necessary for a plaintiff to actually obtain a default judgment within one year of the default, and a plaintiff is not even required to specifically seek a default judgment within a year (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d 555, 557). As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c) (see Deutsche Bank Natl. Trust Co. v Khalil, 208 AD3d at 557; Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1121; 1077 Madison St., LLC v Dickerson, 197 AD3d 443, 445-446). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Bank of N.Y. v Pieloch, 217 AD3d 647, 648). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed" (id. at 648-649). This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious (see id. at 649; US Bank N.A. v Perez, 203 AD3d 988, 989; Deutsche Bank Natl. Trust Co. v Watson, 199 AD3d 879, 880-881; U.S. Bank, N.A. v Turizo, 186 AD3d 1453, 1454). The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the Supreme Court (see US Bank N.A. v Perez, 203 AD3d at 989; U.S. Bank, N.A. v Turizo, 186 AD3d at 1454).
Here, Kaur was served with the summons and complaint pursuant to CPLR 308(2) in September 2014, and she defaulted by failing to appear or serve an answer within 30 days (see id. § 320[a]). However, the plaintiff failed to take steps to initiate proceedings for the entry of a default judgment until September 2016, nearly two years later. Nevertheless, the Supreme Court providently exercised its discretion in determining that the plaintiff established sufficient cause for its delay in moving for leave to enter a default judgment, including the conference requirements of CPLR 3408, the difficulty of serving Singh and related motion practice that was not resolved until August 2015, and the automatic stay occasioned by Kaur's bankruptcy filing, which was only lifted after the plaintiff filed its first motion, inter alia, for leave to enter a default judgment against Kaur and for an order of reference. The plaintiff additionally demonstrated that it had a potentially meritorious cause of action (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against Kaur and for an order of reference and denied Kaur's cross-motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her.
CONNOLLY, J.P., GENOVESI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court